IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JULIANNE SABRINA
MORRISON,

                **Plaintiff,**

     **v.**                                    **1:13-cv-1052-WSD**

BANK OF AMERICA, N.A.,

                **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Bank of America, N.A.'s ("BANA" or "Defendant") Motion to Dismiss [7] Julianne Sabrina Morrison's ("Plaintiff") Complaint [1.1].  Also before the Court are Plaintiff's "Petition for Temporary Restraining Order And/or Preliminary Injunction" ("Motion for TRO") [6] and Motion for Entry of Default [13], and Defendant's Motion to Stay Discovery and Pretrial Deadlines [8].

## I.  BACKGROUND

On January 7, 2004, Plaintiff[1] obtained a loan from BANA in the amount of $101,805.  (Compl. ¶ 8; Note [11 at 23-25]).  Repayment of the loan was secured

---

[1]    Plaintiff was formerly known as Julianne Dublin and has also used the names Julianne Dublin-Morrison and Julianne Sabrina Dublin-Morrison.  (Pl's Resp. [11] at 59-66).

by a deed ("Security Deed") to real property located at 4784 Cedar Park Way, Stone Mountain, Georgia (the "Property").  (Id. ¶ 8; Security Deed [1.1 at 13-27]). Plaintiff executed the Security Deed in favor of BANA.  (Id.).

On March 15, 2011, BANA assigned its interest in the Security Deed ("Assignment") to BAC Home Loans Serving, LP ("BACHLS").  (Assignment [1.1 at 52]).

On July 1, 2011, BACHLS merged with its parent company, BANA.[2]

At some point, Plaintiff defaulted on her loan obligations.  Plaintiff asserts that she "suspended" payments because Defendant "failed to properly identify the person that is the holder in due course of legal title or the ability to enforce the note under O.C.G.A. § 11-3-309."  (Compl. ¶ 10).

On August 23, 2011, BANA filed a complaint in the Superior Court of DeKalb County, Georgia, seeking to have declared invalid an affidavit and an "Appointment of Successor Trustee/Notice of Correction" filed by Plaintiff in the DeKalb County, Georgia Property Records.  (Pl's Resp. [11] at 2).  On June 6, 2012, the DeKalb County Superior Court granted default judgment for BANA and declared that Plaintiff's filings were void and that the Security Deed is valid and enforceable.  (Id. at 54-56).

---

[2]   See http://www.occ.gov/static/interpretations-and-precedents/jul11/ca1003.pdf (last visited December 16, 2013).

On September 27, 2012, Plaintiff filed a petition for relief under Chapter 7 of the Bankruptcy Code.  (Id. at 2).  On November 27, 2012, BANA moved for relief from the automatic bankruptcy stay to sell the Property at foreclosure.  (Id. at 59-61).  Plaintiff did not object to BANA's motion, and on January 2, 2013, the Bankruptcy Court granted BANA's motion for relief from the bankruptcy stay. (Id. at 62-64).

On March 1, 2013, Plaintiff filed her Complaint [1.1 at 1-12] and Motion for TRO [1.1 at 34-44] in the Superior Court of DeKalb County, Georgia.  Construing Plaintiff's *pro se* pleadings liberally and as a whole, Plaintiff appears to assert that foreclosure would be wrongful because Defendant lacks standing to foreclose on the Property, that Defendant violated the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and Georgia law by failing to validate the debt and provide an accounting of Plaintiff's mortgage, and that Defendant failed "to obtain Secretary of U.S. Department of Housing and Urban Development approval to be designated as Foreclosure Commissioner," in violation of 12 U.S.C. § 3754.  Plaintiff seeks to have the Security Deed and Note declared "fully satisfied," to enjoin foreclosure of the Property, to compel production of Plaintiff's Note and any assignments, and to require Defendant to validate the alleged debt.

On April 1, 2013, BANA removed the DeKalb County action to this Court based on diversity jurisdiction [1].

On April 8, 2013, BANA moved to dismiss Plaintiff's Complaint for failure to state a claim [7].

On October 11, 2013, Plaintiff moved for entry of default against Defendant for failure to timely file its answer [13].  The Court first considers Defendant's Motion to Dismiss.

## II.   DISCUSSION

### A.   Legal Standard

The law governing motions to dismiss pursuant to Rule 12(b)(6) is well-settled.  Dismissal of a complaint is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

In considering a motion to dismiss, the Court accepts the plaintiff's allegations as true and considers the allegations in the complaint in the light most favorable to the plaintiff.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007); see also Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999) ("At the motion to

dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."). The Court, however, is not required to accept a plaintiff's legal conclusions. <u>See</u> <u>Sinaltrainal v. Coca-Cola Co.</u>, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)), <u>abrogated on other grounds by</u> <u>Mohamad v. Palestinian Auth.</u>, 132 S. Ct. 1702 (2012).  Nor will the Court "accept as true a legal conclusion couched as a factual allegation."  <u>See</u> <u>Bell Atl. Corp. v.</u> <u>Twombly</u>, 550 U.S. 544, 555 (2007).  Ultimately, the complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570.[3]

　　　To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 556 U.S. at 678.  "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops

---

[3]　　　The Supreme Court explicitly rejected its earlier formulation for the Rule 12(b)(6) pleading standard: "'[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  <u>Twombly</u>, 550 U.S. at 577 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).  The Court decided that "this famous observation has earned its retirement."  <u>Id.</u> at 563.

short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (citing Twombly, 550 U.S. at 557). "To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1263 (11th Cir. 2004) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (citations omitted).[4]

Complaints filed *pro se* are to be liberally construed and are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

---

[4]     Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In Twombly, the Supreme Court recognized the liberal minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

B.      Analysis

1.      BANA's standing to foreclose on the Property

To support a claim for wrongful foreclosure under Georgia law, a plaintiff must show "a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." All Fleet Refinishing, Inc. v. West Georgia Nat'l Bank, 634 S.E.2d 802, 807 (Ga. Ct. App. 2006). "A claim for wrongful exercise of a power of sale under O.C.G.A. § 23-2-114 can arise when the creditor has no legal right to foreclose." DeGoyler v. Green Tree Serv., LLC, 662 S.E. 2d 141, 147 (Ga. Ct. App. 2008) (quoting Brown v. Freedman, 474 S.E. 2d 73, 75 (Ga. Ct. App. 1996)). Plaintiff asserts that BANA lacks standing to foreclose on the Property.

It is undisputed that Plaintiff executed the Security Deed in favor of BANA. (Security Deed at 1). Under the terms of the Security Deed, Plaintiff "grant[ed] and covey[ed] to [BANA] and [BANA's] successors and assigns, with power of sale, the [Property]." (Id. at 3).

On March 15, 2011, BANA assigned its rights under the Security Deed to BACHLS. The Assignment states that BANA "transferred, sold assigned, conveyed and set over to [BACHLS] . . . its successors, representatives and assigns, all its right, title and interest in and to [the Security Deed]," including "the

[Property], the indebtedness secured thereby together with all the powers, options, privileges and immunities therein contained."  (Assignment).

In July 2011, BACHLS and BANA merged.  As a result of the merger, BANA acquired "all the property, rights, powers, trusts, duties, and obligations" of BACHLS, including the Security Deed, with the power of sale.  See 12 U.S.C. § 215a (In a merger under the National Bank Act, the "receiving association shall be deemed to be the same corporation as each bank or banking association participating in the merger.  All rights, franchises, and interests of the individual merging banks . . . in and to every type of property . . . shall be transferred to and vested in the receiving association by virtue of such merger without any deed or other transfer."); cf. O.C.G.A. § 7-1-536(c) (in a merger, "each party . . . shall cease to exist as a separate entity but shall continue in, and the parties to the [merger] shall be, a single corporation"); Moore v. McCalla Raymer, LLC, 2013 WL 28253, at *2 n.7 (N.D. Ga. Jan. 2, 2013) (recognizing that BANA, as successor-by-merger to BACHLS, stands in the place of BACHLS).  BANA is thus entitled to exercise the power of sale in the Security Deed.  See O.C.G.A. § 23-2-114. [5, 6]

---

[5]   O.C.G.A. § 23-2-114 provides:
      Powers of sale in deeds of trust, mortgages and other instruments shall
      be strictly construed and shall be fairly exercised.  . . .  Unless the

Plaintiff next argues that BANA lacks standing to foreclose on the Property

because it does not hold the Security Deed and Note.  The Supreme Court of

Georgia has expressly rejected this argument and held that "the holder of a deed to

secure debt is authorized to exercise the power of sale in accordance with the terms

of the deed even if it does not also hold the note or otherwise have any beneficial

interest in the debt obligation underlying the deed."  You v. JP Morgan Chase

Bank, 743 S.E.2d 428, 433 (Ga. 2013); see also Harris v. Chase Home Fin., LLC,

524 F. App'x 590 (11th Cir. 2013) (applying You); Fabre v. Bank of Am., N.A.,

523 F. App'x 661, 665 (11th Cir. 2013) ("Actual possession of the note is not

---

instrument creating the power specifically provides to the contrary, a
personal representative, heir, heirs, legatee, devisee, or *successor of
the grantee in a mortgage*, deed of trust, deed to secure debt, bill of
sale to secure debt, or other like instrument, *or an assignee thereof*, or
his personal representative, heir, heirs, legatee, devisee, *or successor
may exercise any power therein contained*; and such powers may so
be exercised regardless of whether or not the transfer specifically
includes the powers or conveys title to the property described.

O.C.G.A. § 23-2-114 (emphasis added).  The Security Deed discloses no intent on
the part of Plaintiff to restrict BANA from assigning its rights, including power of
sale, under the Security Deed.  Rather, Plaintiffs unequivocally granted to BANA,
its successors or assigns, the right to foreclose and sell the Property in the event of
Plaintiff's default.

[6]    To the extent Plaintiff argues that the Assignment is not valid because it
violates the Pooling and Servicing Agreement ("PSA") for the trust, the Eleventh
Circuit has made clear that homeowners lack standing to assert this claim.  See
Edward v. BAC Home Loans Serv., L.P., No. 12-15487, 2013 WL 4400102, at *2
(11th Cir. Aug. 16, 2013) (because plaintiffs were not parties to the PSA, they lack
standing to assert claims based on its alleged violation).

required for a secured creditor seeking non-judicial foreclosure.").  Plaintiff cannot state a viable claim for relief based on BANA's alleged lack of authority to foreclose on the Property.

Finally, Plaintiff cannot state a claim for wrongful foreclosure because Plaintiff acknowledges that she is not current on her loan obligations.  Failure to make the proper loan payments or tender the amount due defeats any claim for wrongful foreclosure.  See Harvey v. Deutsche Bank Nat'l Trust Co., No. 1:12-cv-1612, 2012 WL 3516477, at *2 (N.D. Ga. Aug. 14, 2012) ("When the borrower cannot show that the alleged injury is attributable to the lender's acts or omissions, the borrower has no claim for wrongful foreclosure."); Heritage Creek Dev. Corp. v. Colonial Bank, 601 S.E. 2d 842 (Ga. Ct. App. 2004) (plaintiff's injury was "solely attributable to its own acts or omissions both before and after the foreclosure" because it defaulted on the loan payments, failed to cure the default, and did not bid on the property at the foreclosure sale); Sellers v. Bank of Am., Nat'l Ass'n, No. 1:11-cv-3955-RWS, 2012 WL 1853005, at *3 (N.D. Ga. May 21, 2012) (while plaintiffs alleged that defendants lacked authority to foreclose, plaintiffs failed to allege sufficient facts to show that they suffered any damage as a result).  Plaintiff's claim is required to be dismissed for this

additional reason.[7]

### 2.   Violation of the FDCPA

Plaintiff claims that Defendant violated Section 809(b) of the FDCPA,

which provides that "if a consumer notifies a debt collector in writing that a debt is

disputed, the collector must cease collection of that debt until the debt collector

verifies the debt and mails a copy of the verification to the consumer." Warren v.

Countrywide Home Loans, Inc., 342 F. App'x 458, 460 (11th Cir. 2009) (citing

15 U.S.C. § 1692g(b)).[8]

To state a claim for violation of the FDCPA, a plaintiff must establish,

among other things, that the defendant is a "debt collector." Reese v. Ellis, Painter,

Ratterree & Adams, LLP, 678 F.3d 1211, 1216 (11th Cir. 2012); Buckley v.

Bayrock Mortg. Corp., No. 1:09-cv-1387-TWT, 2010 WL 476673, at *6 (N.D. Ga.

Feb. 5, 2010). The FDCPA clearly defines the term "debt collector" and excludes

"any person collecting or attempting to collect any debt owed or due or asserted to

---

[7]       Plaintiff asserts that she "exercise[d] O.C.G.A. § 11-3-501 in suspending
payments" on her loan because BANA "failed to identify . . . the holder in due
course of legal title or the ability to enforce the Note." (Compl. ¶ 10). Section
11-3-501 governs presentment of negotiable instruments and allows a party to
whom presentment is made to refuse payments if, among other things, the
presentment does not comply with the terms of the instrument. See O.C.G.A.
§ 11-3-501. Here, under Paragraph 9 of the Note, Plaintiff expressly waived her
right of presentment. Section 11-3-501 does not apply.
[8]       Section 809(b) of the FDCPA is codified at 15 U.S.C. § 1629g(b).

be owed or due another to the extent such activity . . . (ii) concerns a debt which was originated by such person; [or] (iii) concerns a debt which was not in default at the time it was obtained by such person[.]" 15 U.S.C. § 1692a(6)(F).

Plaintiff does not allege, and it does not appear, that BANA is a "debt collector" for the purposes of Section 1629g(b). It is clear that BANA, as the holder of the Security Deed, is entitled to receive payments on Plaintiff's underlying loan. BANA is thus Plaintiff's creditor and not a "debt collector" for purposes of Section 809(b). See 15 U.S.C. § 1692a(6)(F); Lacosta v. McCalla Raymer, LLC, No. 1:10-cv-1171-RWS, 2011 WL 166902, at *6 (N.D. Ga. Jan. 18, 2011) (quoting Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985)) ("[A] debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."). Plaintiff fails to state a claim for relief under the FDCPA and this claim is dismissed.[9]

---

[9]     To the extent Plaintiff asserts that BANA also violated "Georgia's Fair Debt Collection Practices Act," O.C.G.A. § 7-3-1 et seq., formally called the "Georgia Industrial Loan Act," the amount of Plaintiff's Note exceeds $3,000 and thus the Act does not apply. See O.C.G.A. § 7-3-4 ("This chapter shall apply to all persons . . . engaged in the business of making loans in amounts of $3,000.00 or less."); 1979 Op. Att'y Gen. No. 79-33 (Purpose of the Georgia Industrial Loan Act is to provide regulation for otherwise unregulated entities engaged in business of making small loans. Banks are otherwise regulated and are, therefore, not subject to regulation under that Act.).

3.   <u>Failure to obtain approval to be designated as foreclosure commissioner</u>

Plaintiff argues that BANA violated the Single Family Mortgage Foreclosure Act, 12 U.S.C. §§ 3751 to 3768, because it did not obtain the "proper, mandatory written designation from the Secretary of HUD as a foreclosure commissioner pursuant to 12 U.S.C. § 3754."  (Compl. ¶ 26).  Section 3754 provides that the Secretary of Housing and Urban Development ("HUD") "may designate a person or persons to serve as a foreclosure commissioner or commissioners for the purpose of foreclosing upon a single family mortgage." 12 U.S.C. § 3754(a).  Section 3754 applies only to foreclosure proceedings conducted by, or on mortgages held by, the Secretary of HUD.  <u>See</u> 12 U.S.C. § 3752(10) (The term "single family mortgage" means a mortgage which, among other things, is held or secures a loan obligated by the Secretary of HUD.); <u>Ponder v. Bank of New York Mellon</u>, No. 5:10-cv-144, 2010 WL 2950681, at *1 (M.D. Ga. July 21, 2010) (in an action against a bank and a mortgage loan trust, dismissing plaintiff's claims for violation of the Single Family Mortgage Act because "[t]hese statutes relate to foreclosure proceedings by the Secretary of [HUD] and can have no bearing on any of [p]laintiff's claims."); <u>Cornelius v. Bank of America, N.A.</u>, No. 1:12-cv-0585, 2012 WL 4468746, at *6 n.4 (N.D. Ga. Sept. 27, 2012) (citing <u>Ponder</u>).

Here, Plaintiff does not allege that her mortgage is held by the Secretary of HUD and it is clear that BANA, as the holder of the Security Deed, is the entity attempting to foreclose on the Property. Section 3754 simply does not apply. Plaintiff fails to state a claim for violation of 12 U.S.C. § 3754 and this claim is dismissed.[10]

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Bank of America, N.A.'s Motion to Dismiss [7] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for TRO [6] and Motion for Entry of Default [13], and Defendant's Motion to Stay Discovery and Pretrial Deadlines [8], are **DENIED AS MOOT.**

**SO ORDERED** this 16th day of December, 2013.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[10]     Because the Court has determined that Plaintiff fails to state a claim for relief under any viable legal theory and that this action is required to be dismissed, Plaintiff's Motion for TRO and Motion for Entry of Default, and Defendant's Motion to Stay Discovery and Pretrial Deadlines, are denied as moot.