IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JULIANNE SABRINA
MORRISON,

                        **Plaintiff,**

      **v.**                                 **1:13-cv-1052-WSD**

**BANK OF AMERICA, N.A.,**

                       **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Julianne Sabrina Morrison's

("Plaintiff") Motion for Reconsideration [17] of the Court's December 16, 2013,

Order [15] dismissing this action for failure to state a claim.[1]

## I.    BACKGROUND

On January 7, 2004, Plaintiff[2] obtained a loan from BANA in the amount of

$101,805.  (Compl. ¶ 8; Note [11 at 23-25]).  Repayment of the loan was secured

by a deed ("Security Deed") to real property located at 4784 Cedar Park Way,

---

[1]     The Court also denied as moot Plaintiff's Motion for Temporary Restraining
Order [6] and Motion for Entry of Default [13], and Defendant's Motion to Stay
Discovery and Pretrial Deadlines [8].

[2]     Plaintiff was formerly known as Julianne Dublin and has also used the
names Julianne Dublin-Morrison and Julianne Sabrina Dublin-Morrison.  (Pl's
Resp. [11] at 59-66).

Stone Mountain, Georgia (the "Property").  (Id. ¶ 8; Security Deed [1.1 at 13-27]).

Plaintiff executed the Security Deed in favor of BANA.  (Id.).

On March 15, 2011, BANA assigned its interest in the Security Deed

("Assignment") to BAC Home Loans Serving, LP ("BACHLS").  (Assignment

[1.1 at 52]).

On July 1, 2011, BACHLS merged with its parent company, BANA.[3]

At some point, Plaintiff defaulted on her loan obligations.  Plaintiff asserts

that she "suspended" payments because Defendant "failed to properly identify the

person that is the holder in due course of legal title or the ability to enforce the note

under O.C.G.A. § 11-3-309."  (Compl. ¶ 10).

On August 23, 2011, BANA filed a complaint in the Superior Court of

DeKalb County, Georgia, seeking to have declared invalid an affidavit and an

"Appointment of Successor Trustee/Notice of Correction" filed by Plaintiff in the

DeKalb County, Georgia Property Records.  (Pl's Resp. [11] at 2).  On June 6,

2012, the DeKalb County Superior Court granted default judgment for BANA and

declared that Plaintiff's filings were void and that the Security Deed is valid and

enforceable.  (Id. at 54-56).

---

[3]    See http://www.occ.gov/static/interpretations-and-precedents/jul11/ca1003.
pdf (last visited July 30, 2014).

On September 27, 2012, Plaintiff filed a petition for relief under Chapter 7 of the Bankruptcy Code.  (Id. at 2).  On November 27, 2012, BANA moved for relief from the automatic bankruptcy stay to sell the Property at foreclosure.  (Id. at 59-61).  Plaintiff did not object to BANA's motion, and on January 2, 2013, the Bankruptcy Court granted BANA's motion for relief from the bankruptcy stay. (Id. at 62-64).

On March 1, 2013, Plaintiff filed her Complaint [1.1 at 1-12] and Motion for TRO [1.1 at 34-44] in the Superior Court of DeKalb County, Georgia.  Construing Plaintiff's *pro se* pleadings liberally and as a whole, Plaintiff appears to assert that foreclosure would be wrongful because Defendant lacks standing to foreclose on the Property, that Defendant violated the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and Georgia law by failing to validate the debt and provide an accounting of Plaintiff's mortgage, and that Defendant failed "to obtain Secretary of U.S. Department of Housing and Urban Development approval to be designated as Foreclosure Commissioner," in violation of 12 U.S.C. § 3754.  Plaintiff seeks to have the Security Deed and Note declared "fully satisfied," to enjoin foreclosure of the Property, to compel production of Plaintiff's Note and any assignments, and to require Defendant to validate the alleged debt.

On April 1, 2013, BANA removed the DeKalb County action to this Court based on diversity jurisdiction [1].

On April 8, 2013, BANA moved to dismiss Plaintiff's Complaint for failure to state a claim [7].

On October 11, 2013, Plaintiff moved for entry of default against Defendant for failure to timely file its answer [13].

On December 16, 2013, the Court granted BANA's Motion to Dismiss. The Court found that Plaintiff did not, and could not, state a claim for wrongful foreclosure against BANA, including because Plaintiff acknowledged that she is not current on her obligations. The Court also found that BANA was entitled to foreclose on the Property because: under the terms of the Security Deed, Plaintiff granted to BANA the Property, with the power of sale; BANA assigned its rights under the Security Deed to BACHLS; BACHLS and BANA merged; and, as a result of the merger, BANA acquired "all the property, rights, powers, trusts, duties and obligations" of BANA, including the Security Deed, with the power of sale. To the extent Plaintiff argued that BANA lacked standing to foreclose on the Property because it did not hold the Security Deed and Note, and that the Assignment is not valid, the Court found that Plaintiff's arguments have been expressly rejected under Georgia law.

The Court further found that Plaintiff failed to state a claim for violation of the FDCPA because she did not allege, and it did not appear, that BANA is a "debt collector" under the FDCPA.  Finally, the Court found that Plaintiff failed to state a claim for violation of 12 U.S.C. § 3754 because Plaintiff did not allege that her mortgage is held by the Security of Housing and Urban Development and it is clear that BANA, as the holder of the Security Deed, is the entity attempting to foreclose on the Property.

On January 9, 2014, Plaintiff moved for reconsideration of the Court's December 16th Order.

## II.    DISCUSSION

### A.    Legal Standard

"A motion for reconsideration made after final judgment falls within the ambit of either Rule 59(e) (motion to alter or amend a judgment) or Rule 60(b) (motion for relief from judgment or order)."  Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 n.5 (11th Cir. 1993).  The Court does not reconsider its orders as a matter of routine practice.  LR 7.2 E., NDGa.  The Court's Local Rules require the parties file any such motions for reconsideration "within twenty-eight (28) days after entry of the order or judgment."  Id.

Motions for reconsideration under Rule 59(e) are only appropriate where there is newly-discovered evidence or a need to correct a manifest error of law or fact.  See Hood v. Perdue, 300 F. App'x 699, 700 (11th Cir. 2008) (citing Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996)); Arthur v. King, 500 F.3d 1335, 1343 ("The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact."); Jersawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999).

Motions for reconsideration under Rule 60(b) only are appropriate where there is "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, fraud, a void judgment, or a judgment that has been satisfied or is no longer applicable.  Fed. R. Civ. P. 60(b).

Motions for reconsideration under either Rule 59(e) or Rule 60(b) are left to the sound discretion of the district court.  See id. at 806.  A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented in the previously-filed motion.  See Arthur, 500 F.3d at 1343; O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992); Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003); see also Jones v. S. Pan Servs.,

450 F. App'x 860, 863 (11th Cir. 2012) ("A motion to alter or amend a judgment cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment."); Pres. Endangered Areas, 916 F. Supp. at 1560 ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time.").

     B.     Analysis

Plaintiff seeks reconsideration based on "new evidence to be considered in this action . . . regarding the following facts: Plaintiff's licensed private investigator Joseph R. Esquivel Jr. testified in his affidavit that with no specific properly secured owner of the limited beneficial interest of the note there is no way to enforce the striped intangible obligation through the note." ([17.2] at 1). The Court disagrees.

Evidence that could have been discovered and presented on the previously-filed motion is not newly discovered. See Arthur, 500 F.3d at 1344. The Eleventh Circuit has held that "where a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion." Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997).

Here, the affidavit of Plaintiff's purported "licensed private investigator" was executed on November 1, 2013, or six (6) weeks before the Court issued its December 16th Order. Plaintiff fails to show that it was not available, or "could [not] have been discovered and presented," before the Court issued its December 16, 2013, Order. The affidavit is not "newly-discovered evidence" and the Court is not required to consider it.

Even if the Court considered it, the affiant's position "that there is no way to enforce the stripped intangible obligation through the note" is an inappropriate legal conclusion and it is contrary to Georgia law. In <u>You v. JP Morgan Chase Bank</u>, the Supreme Court of Georgia expressly rejected the argument that Georgia law prohibits the act of "splitting" the ownership of a note and security deed or that it renders either document unenforceable. 743 S.E.2d 428, 432-433 (Ga. 2013). Although a promissory note is a negotiable instrument subject to Article 3 of the Georgia Uniform Commercial Code, O.C.G.A. § 11-3-101, <u>et</u> <u>seq.</u>, which provides that only the holder of an instrument is entitled to enforce it, the court found that, in a nonjudicial foreclosure pursuant to the power of sale in a security deed, the foreclosing party "does not seek to enforce the note but rather is enforcing its rights under the security deed, which is not a negotiable instrument and is therefore not governed by Article 3." <u>Id.</u> The court held that, under Georgia law, "the

holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed." Id. at 433.

Here, regardless of the effect Plaintiff and her "licensed private investigator" claim securitization had on ownership of the Note, BANA is the holder of the Security Deed and thus BANA is entitled to exercise the power of sale in the Security Deed.  BANA is not trying to enforce the Note.  Rather, BANA seeks to foreclose on the Property which secured Plaintiff's loan.  BANA is not, as Plaintiff contends, required to "prove its right to enforce the Note" under O.C.G.A. § 11-3-309(a) in order to exercise the power of sale in the Security Deed.  See You, 743 S.E.2d at 432-433.

Plaintiff next claims that the underlying debt has been paid—not by Plaintiff, who acknowledges in her Complaint that she "suspend[ed] payments" on her loan, but by "securitization and satisfaction of the [N]ote" and "the discharging of the debt" in bankruptcy.  Plaintiff's legal theories are illogical and meritless. Plaintiff does not allege, and it does not logically follow, that any funds that may have been paid during securitization by other than Plaintiff to the holder of the Note were paid on behalf of Plaintiff, and for her benefit, to extinguish Plaintiff's

loan obligations.  See, e.g., O.C.G.A. § 11-3-602(a) ("an instrument is paid to the

extent payment is made (i) by or on behalf of a party obliged to pay the instrument

. . . ."); Searcy v. EMC Mortg. Corp., No. 1:10-cv-0965-WBH, 2010 Dist. LEXIS

119975 (N.D. Ga. Sept. 30, 2010) ("While it may well be that Plaintiff's mortgage

was pooled with other loans into a securitized trust that then issued bonds to

investors, that fact would not have any effect on Plaintiff's rights and obligations

with respect to the mortgage loan, and it certainly would not absolve Plaintiff from

having to make loan payments or somehow shield Plaintiff's property from

foreclosure.").  Although Plaintiff was granted a bankruptcy discharge, it is

axiomatic that a discharge in bankruptcy extinguishes only the personal liability of

the debtor, and a creditor's right to foreclose on the property secured by the loan

survives or passes through the bankruptcy.  See Johnson v. Home State Bank,

501 U.S. 78, 83 (1991) (citing 11 U.S.C. §§ 522(c), 524(a)(1), 727).  As long as the

outstanding balance of the debt secured by the Property remains unpaid, pursuant

to the power of sale in the Security Deed, BANA is entitled to foreclose on the

Property.[4, 5]

---

[4]      To the extent Plaintiff argues that the underlying loan debt does not exist
because "by law and being a federally chartered, [sic] BANA cannot lend its credit
or become the guarantor of the obligation of another" ([17.1] at 14), "the [National
Bank Act] specifically authorizes federally chartered banks to engage in real estate

Plaintiff also argues that the Assignment is invalid because it was executed after BANA assigned the Note and did not comply with the Pooling and Servicing Agreement ("PSA") for the trust or state law.  Plaintiff is not a party to the Assignment and she lacks standing to challenge its validity.  <u>See</u> O.C.G.A. § 9-2-20(a) ("[A]n action on a contract . . . shall be brought in the name of the party in whom legal interest in the contract is vested, and against the party who made it in person or by agent."); <u>Montgomery v. Bank of America</u>, 740 S.E.2d 434, 438 (Ga. Ct. App. 2013) (because the assignment of a security deed by a lender's nominee is a contract, mortgagor, who was not a party to the contract,

---

lending," <u>Watters v. Wachovia Bank, N.A.</u>, 550 U.S. 1, 7 (2007) (citing 12 U.S.C. § 371).

[5]     To the extent Plaintiff asserts a claim for quiet title, Plaintiff is not entitled to relief on this claim because any right to legal title to the Property she has is subordinate to BANA's rights under the Security Deed.  <u>See</u> <u>Smith v. Georgia Kaolin Co., Inc.</u>, 498 S.E.2d 266, 267-68 (Ga. 1998) (In an action for quiet title, "a plaintiff must assert that he holds some current record title or current prescriptive title, in order to maintain his suit.").  When she executed the Security Deed, Plaintiff granted to BANA, and BANA's successors and assigns, legal title to the Property until the debt secured by the Security Deed is paid in full.  Plaintiff retained only the equitable right of redemption and the right of possession.  <u>See</u> O.C.G.A. § 14-44-60 ("[T]he conveyance of real or personal property shall pass the title of the property to the grantee until the debt or debts which the conveyance was made to secure shall be fully paid . . . with the right reserved by the grantor to have the property reconveyed to him upon the payment of the debt. . . ."); <u>see also</u> <u>McCarter v. Bankers Trust Co.</u>, 543 S.E.2d 755, 757 (Ga. Ct. App. 2000).  Having found that Plaintiff has not satisfied her underlying loan obligations, Plaintiff lacks current record title or current prescriptive title to the Property, and she fails to state a claim for quiet title.

lacked standing to challenge its validity) (citing O.C.G.A. § 9-2-20(a)).  Even if she could challenge the Assignment, Georgia law does not require that a security deed and note be assigned to the same entity, see You, 743 S.E.2d at 433, and noncompliance with the PSA, without more, does not render the Assignment void, see, e.g., Nalley v. Langdale, 734 S.E.2d 908, 918 (Ga. Ct. App. 2012) (In Georgia, "even though an act of the trustee is unauthorized and constitutes a breach of trust, it may be so acquiesced in, confirmed, or ratified by the [beneficiary] as to estop him or her from repudiating it and attempting to hold the trustee liable."); cf. Rajamin v. Deutsche Bank Nat'l Trust Co., No. 13-1614, 2014 WL 2922317 (2d Cir. 2014) (same) (applying New York trust law).

Plaintiff has not, and cannot, state a viable claim for relief based on BANA's alleged lack of authority to foreclose on the Property.  Plaintiff fails to present any grounds upon which to support granting her relief from the Court's December 16th Order.  Plaintiff's Motion for Reconsideration is denied.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Julianne Sabrina Morrison's Motion for Reconsideration [17] is **DENIED.**

**SO ORDERED** this 31st day of July, 2014.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE